UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREDERICK PIÑA,

                Plaintiff,

    -against-

UNITED STATES OF AMERICA,

                Defendant.

20 Civ. 1371 (PAE)

ORDER OF SERVICE

---

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff Frederick Piña, proceeding *pro se*, brings this action under the Federal Tort Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, alleging that a United States Postal Office driver damaged Piña's car in an accident, (1) causing injuries to Piña, (2) resulting in his missing out on a contract negotiation, and (3) requiring him to abandon his company's business operations. By order dated July 6, 2020, the Court granted Piña's request to proceed *in forma pauperis*.

      Because Piña has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Piña is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Piña should request an extension of time for service.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Piña to effect service on the Government through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Government. The Clerk of Court is also instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; (2) issue amended summonses; and (3) deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the Government.

Piña must notify the Court in writing if his address changes, and the Court may dismiss the action if Piña fails to do so.

## CONCLUSION

The Clerk of Court is directed to serve a copy of this order to Piña, together with an information package.

The Clerk of Court is further instructed to (1) complete the USM-285 forms with the address for United States of America; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue a summons; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: July 15, 2020
       New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

Louis DeJoy, Postmaster General
475 L'Enfant Plaza, SW
Room 4012
Washington, DC 20260-2200
United States of America

United States Attorney General, Southern District of New York
Civil Division
86 Chambers Street, Third Floor
New York, New York 10007

Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-2000