UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK D. PINA,

                Plaintiff,

- against -

UNITED STATES OF AMERICA,

                Defendant.

20 Civ. 1371 (PAE) (BCM)

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S PARTIAL MOTION TO DISMISS

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
Attorney for Defendant
86 Chambers Street, Third Floor
New York, New York 10007
Tel:    (212) 637-2699

JOSHUA E. KAHANE
Assistant United States Attorney
    – Of Counsel –

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND .............................................................................................................................. 2

ARGUMENT ..................................................................................................................................... 3

    A.    Legal Standard for Rule 12(b)(1) .............................................................................. 3

    B.    Plaintiff's Claims Other Than for Personal Injuries and/or Repair Costs Should be Dismissed Because Plaintiff Did Not Exhaust His Administrative Remedies, and Any Possible Recovery Is Capped at the Amount of His Administrative Claim, $450,000 ................................................................................................................. 4

CONCLUSION ................................................................................................................................. 8

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                    **PAGE(s)**

*Asylum Seeker Advocacy Project v. Barr*,
    409 F. Supp. 3d 221 (S.D.N.Y. 2019), *appeal withdrawn*,
    No. 19-3659, 2019 WL 7834321 (2d Cir. Nov. 21, 2019) .................................................. 4

*Celestine v. Mt. Vernon Neighborhood Health Ctr.*,
    403 F.3d 76 (2d Cir. 2005).................................................................................................. 5

*Davis v. U.S.*,
    Nos. 13 Civ. 403 (CM), 13 Civ. 404 (CM), 2013 WL 5225931
    (S.D.N.Y. Sept. 13, 2013)................................................................................................... 6

*Davis v. United States*,
    05 Civ. 9304 (THK), 2008 WL 398342 (S.D.N.Y. Feb. 6, 2008) ....................................... 6

*Empire Trust Co. v. United States*,
    324 F.2d 507 (2d Cir. 1963)................................................................................................ 3

*Furman v. U.S. Postal Serv.*,
    349 F. Supp. 2d 553 (E.D.N.Y. 2004) ................................................................................ 6

*Grunwald v. Bon Secours Charity Health Sys. Med. Grp., P.C.*,
    No. 18-CV-3208 (NSR), 2020 WL 2192683 (S.D.N.Y. May 6, 2020)............................. 7

*Guthrie v. U.S. Fed. Bureau of Prisons*,
    09 Civ. 990 (LAP), 2010 WL 2836155 (S.D.N.Y. July 7, 2010) ....................................... 5

*Hewitt v. United States*,
    10 Civ. 5774 (BSJ), 2011 WL 2419856 (S.D.N.Y. June 6, 2011)..................................... 7

*In re Agent Orange Prod. Liab. Litig.*,
    818 F.2d 210 (2d Cir. 1987)................................................................................................ 4

*Keene Corp. v. United States*,
    700 F.2d 836 (2d Cir. 1983)............................................................................................ 5, 6

*Lopez v. United States*,
    312 F. Supp. 3d 390 (S.D.N.Y. 2018)................................................................................ 8

*Luckett v. Bure*,
    290 F.3d 493 (2d Cir. 2002)................................................................................................ 3

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) ................................................................................................ 3

*McNeil v. United States*,
    508 U.S. 106 (1993) ............................................................................................................ 5

*Millares Guiraldes de Tineo v. United States*,
    137 F.3d 715 (2d Cir. 1998) ................................................................................................ 4

*Morrison v. Nat'l Austl. Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2008) ................................................................................................ 3

*O'Connor v. United States,*
    99 Civ. 0117 (DAB), 2000 WL 375238 (S.D.N.Y. Apr. 12, 2000) .................................... 6

*Ray Legal Consulting Grp. v. Gray*,
    37 F. Supp. 3d 689 (S.D.N.Y. 2014) ................................................................................... 4

*Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*,
    No. 17-cv-7325 (NSR), 2018 WL 2976024 (S.D.N.Y. June 12, 2018) .............................. 6

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994) .................................................................................................. 7

*Romulus v. United States*,
    160 F.3d 131 (2d Cir. 1998) ................................................................................................ 5

*Romulus v. United States*,
    983 F. Supp. 336 (E.D.N.Y. 1997) ..................................................................................... 6

*Sorge v. United States,*
    95 Civ. 5325 (RO), 1997 WL 603451 (S.D.N.Y. Sept. 30, 1997) ...................................... 6

*Tamares v. United States,*
    07 Civ. 0688 (PKL), 2009 WL 691002 (S.D.N.Y. Mar. 17, 2009) .................................... 6

*United States v. Vazquez,*
    145 F.3d 74 (2d Cir. 1998) .................................................................................................. 4

*Williams v. United States*,
    947 F.2d 37 (2d Cir. 1991) .................................................................................................. 5

**STATUTES**

28 U.S.C. § 2401(b) ...................................................................................................................... 7

28 U.S.C. § 2675(a) ............................................................................................................... 1, 4, 5

28 U.S.C. § 2675(b) ............................................................................................................... 8

28 U.S.C. § 2679(b)(1) ........................................................................................................... 4

**RULES**

Fed. R. Civ. P. 12(b)(1) ................................................................................................. *passim*

Fed. R. Civ. P. 12(h)(3) ........................................................................................................... 3

Defendant United States of America, by its attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its partial motion to dismiss all claims other than for personal injuries to plaintiff Frederick D. Pina and/or repair costs he incurred as a result of the accident giving rise to this suit, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because plaintiff failed to exhaust his administrative remedies and this Court therefore lacks subject matter jurisdiction over such claims.

## PRELIMINARY STATEMENT

This case involves a straightforward defect in subject matter jurisdiction where *pro se* plaintiff Frederick D. Pina ("Plaintiff") failed to exhaust his administrative remedies related to his business. The Federal Tort Claims Act ("FTCA") requires a claimant to present a tort claim to the appropriate agency so that the agency may investigate and assess the claim and, if possible, settle it administratively. Congress created this so-called "presentment requirement," set forth in 28 U.S.C. § 2675(a), to encourage settlement of FTCA claims prior to suit. Compliance with the FTCA's presentment requirement is a jurisdictional prerequisite to suit. Here, Plaintiff failed to properly present certain of his claims to the United States Postal Service ("USPS") because he never filed any administrative claims on behalf of his company, Japanese Juices, LLC ("Japanese Juices").[1] As a result, Plaintiff has prevented the USPS from investigating and assessing these claims as envisioned by Congress in enacting § 2675(a). Plaintiff's claims related to Japanese Juices were therefore inadequately presented, depriving the Court of subject matter jurisdiction

---

[1] On March 5, 2020, Chief United States District Judge Colleen McMahon terminated Japanese Juices from this action, "dismiss[ing] without prejudice all claims asserted by Japanese Juices, LLC." ECF No. 3.

over such claims. Accordingly, the Court should dismiss all claims other than for personal injuries to Plaintiff and/or repair costs he incurred as a result of the accident.

## BACKGROUND

Plaintiff is the founder and CEO of Japanese Juices, a start-up beverage company. *See* ECF No. 2 (the "Complaint") at ¶ 8. On or about May 31, 2018, Plaintiff was involved in a motor vehicle accident with a USPS truck at the intersection of Sullivan Street and Spring Street in Manhattan. *Id.* According to the police accident report, no injuries were reported. *See id.* at Exhibit A.

On or about June 11, 2018, Plaintiff's attorney Thomas W. Hochberg presented a Standard Form 95 administrative claim form ("SF-95") to the USPS. *See* Declaration of Kimberly A. Herbst ("Herbst Decl.") ¶ 3. The instruction on the SF-95 explained, "THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES." *Id.* at Exhibit 1.

In his SF-95, Plaintiff alleged, "The U.S. Postal truck struck my vehicle on a rainy afternoon causing damage to my vehicle, in addition to neck pain and a pinch nerve in my center back." *Id.* Plaintiff alleged property damage to the left side of his Cadillac and personal injuries of neck pain and a pinched nerve/ center back. *Id.* He claimed entitlement to a total of $450,000 – $50,000 in property damage and $400,000 in compensation for alleged personal injuries. *Id.*

On August 20, 2019, Thomas W. Hochberg indicated in writing that he no longer represented Plaintiff and that further communications should be had directly with Plaintiff. Herbst Decl. ¶ 4 and Exhibit 2. On August 23, 2019, in response to the SF-95, USPS extended a settlement offer to Plaintiff, which he subsequently rejected. *See* Herbst Decl. ¶ 5.

2

On August 27, 2019, USPS issued a written denial of Plaintiff's SF-95 on the basis that he had not shown that he suffered a serious injury or more than basic economic loss under New York law.  *See* Complaint; *see also* Herbst Decl. ¶ 6 and Exhibit 3.

On February 14, 2020, Plaintiff filed his complaint against the United States for damages under the FTCA.  *See* Complaint.  In his two causes of action, Plaintiff asserts that because of the accident, his business, Japanese Juices, lost a lucrative beverage contract with Delta Airlines, Inc.  *See id.* at ¶¶ 2, 8-10, 26-29.  In his Prayer for Relief, Plaintiff seeks $146 million in compensatory damages; incurred attorney fees; $6,000 for reimbursement of a loss commercial insurance policy; $7,000 for car repair costs and incurred storage garage costs; and $200,000 in lost company income.  *Id.* at Prayer for Relief.

## ARGUMENT

**A.      Legal Standard for Rule 12(b)(1)**

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it.'"  *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))*; see Empire Trust Co. v. United States*, 324 F.2d 507 (2d Cir. 1963) (per curiam); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that subject matter jurisdiction exists over the complaint.  *See Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).  To sustain this burden, the plaintiff must affirmatively prove the existence of subject matter jurisdiction by a preponderance of the evidence. *See id.*  In ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court may consider evidence outside the pleadings.  *See Makarova*, 201 F.3d at 113;

*see also Asylum Seeker Advocacy Project v. Barr*, 409 F. Supp. 3d 221, 223–24 (S.D.N.Y. 2019), *appeal withdrawn*, No. 19-3659, 2019 WL 7834321 (2d Cir. Nov. 21, 2019); *see Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 696 (S.D.N.Y. 2014) ("[W]here subject matter jurisdiction is contested a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits."). Consideration of extrinsic evidence does not convert the motion to one for summary judgment pursuant to Rule 56. *See United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998).

**B.     Plaintiff's Claims Other Than for Personal Injuries and/or Repair Costs Should be Dismissed Because Plaintiff Did Not Exhaust His Administrative Remedies, and Any Possible Recovery Is Capped at the Amount of His Administrative Claim, $450,000**

Here, Plaintiff brings his claims against the United States pursuant to the FTCA, which "constitutes a limited waiver by the United States of its sovereign immunity." *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998).[2] As such, Plaintiff was required to comply with any limitations imposed by the FTCA on that sovereign immunity waiver—whether "substantive, procedural, or temporal" —and these limitations "are to be strictly applied against the claimant." *Id.* The "burden is on the plaintiff to both plead and prove compliance with the statutory requirements" of the FTCA for a district court to exercise subject matter jurisdiction over the claim. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted). Among these statutory requirements, before instituting suit against the government under the FTCA, "the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied." 28 U.S.C. § 2675(a) (emphasis added).

---

[2] The two causes of action alleged against the United States in the Complaint are tort claims governed exclusively by the FTCA. *See, e.g.*, 28 U.S.C. § 2679(b)(1) (the FTCA provides the "exclusive" remedy "for injury or loss of property, or personal injury or death arising or resulting from the *negligent* or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment") (emphasis added).

Failure to satisfy these conditions divests the Court of subject matter jurisdiction. *See Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991) (stating that "compliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist").

The FTCA's presentment requirement "must be adhered to strictly." *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983); *see also Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("[Requiring] that a claimant exhaust all administrative remedies before filing a complaint in federal district court . . . [which] is jurisdictional and cannot be waived"). The Supreme Court has explained the rationale for imposing a strict construction of § 2675(a):

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*McNeil v. United States*, 508 U.S. 106, 112 (1993) (internal footnote omitted).

"[T]he mere act of filing an SF 95 does not necessarily fulfill the presentment requirement of § 2675(a)." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam). Rather, as the Second Circuit has explained, "a Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Id.* The claim presented "must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Id.* In this regard, "[t]he burden is on the Plaintiff to provide adequate details; it is not the responsibility of the [agency] to request any information absent from [the Plaintiff's] SF 95." *Guthrie v. U.S. Fed.*

5

*Bureau of Prisons*, 09 Civ. 990 (LAP), 2010 WL 2836155, at *4 (S.D.N.Y. July 7, 2010) (citing *Keene Corp.*, 700 F.2d at 842) (finding that an SF-95 that identified claimant's injury as hair loss did not provide sufficient notice of claims based on injuries other than hair loss).

Courts in this District "routinely" find that the presentment requirement is not met where the claimant does not provide sufficient details of his or her injuries, fails to document the claimed damages, or declines to provide additional information requested by the agency to enable it to evaluate the administrative claim. *See Tamares v. United States*, 07 Civ. 0688 (PKL), 2009 WL 691002, at *3 (S.D.N.Y. Mar. 17, 2009) (collecting cases); *see, e.g., O'Connor v. United States*, 99 Civ. 0117 (DAB), 2000 WL 375238, at *3 (S.D.N.Y. Apr. 12, 2000); *Davis v. United States*, 05 Civ. 9304 (THK), 2008 WL 398342, at *4 (S.D.N.Y. Feb. 6, 2008); *Sorge v. United States*, 95 Civ. 5325 (RO), 1997 WL 603451, at *2 (S.D.N.Y. Sept. 30, 1997); *see also Davis v. U.S.*, Nos. 13 Civ. 403 (CM), 13 Civ. 404 (CM), 2013 WL 5225931 at *5 (S.D.N.Y. Sept. 13, 2013) ("Plaintiffs' failure to properly present their claims to the Postal Service divests this Court of subject-matter jurisdiction under the FTCA"); *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, No. 17-cv-7325 (NSR), 2018 WL 2976024 at *3 (S.D.N.Y. June 12, 2018) ("The Court lacks subject matter jurisdiction . . . because Plaintiff has not filed an administrative tort claim"). As these cases make clear, the purpose of the presentment requirement "is to permit a government agency to evaluate and settle the claim at an early stage, both for the possibility of financial economy and for the sake of relieving the judicial burden of FTCA suits." *Romulus v. United States*, 983 F. Supp. 336, 341 (E.D.N.Y. 1997) (internal quotation marks omitted). In general, "the agency whose employee allegedly caused the damage at issue in the claim will . . .be in the best position [to] make determinations as to liability and to settle meritorious claims quickly and efficiently, thereby avoiding expensive and time-consuming litigation when possible." *Furman v.*

6

*U.S. Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004).  But an agency "'cannot be expected to ponder what it does not know' during the administrative review process."  *Hewitt v. United States*, 10 Civ. 5774 (BSJ), 2011 WL 2419856, at *3 (S.D.N.Y. June 6, 2011).

Plaintiff failed to satisfy the FTCA's presentment requirement other than with respect to his claims for damage to his automobile and asserted personal injury.  Plaintiff's notice of claim included only damage to his vehicle and personal injuries from the May 31, 2018 accident.  *See* Herbst Decl. Exhibit 1.  No administrative claim was ever filed by or on behalf of Japanese Juices.  *See* Herbst Decl. ¶¶ 8, 10, Exhibit 1.  Thus, Plaintiff failed to afford the USPS a meaningful opportunity to investigate and explore possible settlement of his claims prior to the institution of this litigation because he failed to provide the claims, details, and documentation necessary to evaluate the claims.  Courts in this District have granted partial motions to dismiss of unexhausted FTCA claims.  *See Grunwald v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 18-CV-3208 (NSR), 2020 WL 2192683, at *4 (S.D.N.Y. May 6, 2020) ("Plaintiff(s) failed to assert claims for lack of informed consent and loss of consortium in its notice of claim, SF-95, to the HHS.  Such failure constitutes a jurisdictional prerequisite for purposes of asserting a claim under the FTCA") (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).  Therefore, the Court lacks subject matter jurisdiction over all claims other than those regarding Plaintiff's personal injuries and/or vehicle repair costs.

Furthermore, any administrative tort claim related to Japanese Juices that Plaintiff might file at this point would be untimely.  Under the FTCA, a claimant must present his administrative claim to the agency in writing within two years of its accrual, or else the action "shall be forever barred."  28 U.S.C. § 2401(b).  Therefore, Plaintiff's two year window to file an administrative

claim on behalf of Japanese Juices relating to torts that allegedly occurred on or about May 31, 2018, has passed.

Finally, in addition to failing to have presented his claims seeking millions of dollars related to Japanese Juices, *see* Complaint at Prayer for Relief, Plaintiff's claim for damages is legally capped at the amount he administratively claimed, $450,000 (*see* Herbst Decl. at Exhibit 1), because an action under the FTCA generally may not be instituted for an amount of damages that exceeds the amount of the claim presented to the appropriate federal agency. 28 U.S.C. § 2675(b); *see also Lopez v. United States*, 312 F. Supp. 3d 390, 404 n.17 (S.D.N.Y. 2018). The Court therefore should, in addition to dismissing Plaintiff's unexhausted claims, dismiss any claim of any kind to the extent it seeks more than $450,000.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims other than for personal injuries to Plaintiff and/or repair costs he incurred as a result of the accident giving rise to this suit.

Dated:  New York, New York
        September 15, 2020

                                                      Respectfully submitted,

                                                      AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York,
*Attorney for the United States of America*

By:   /s/ *Joshua E. Kahane*
       JOSHUA E. KAHANE
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.   (212) 637-2699
       Fax    (212) 637-2786
       joshua.kahane@usdoj.gov