UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

FREDERICK D. PINA,

                              Plaintiff,

                        -v-

UNITED STATES OF AMERICA,

                              Defendant.

20 Civ. 1371 (PAE) (BCM)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Currently pending is a partial motion to dismiss filed by defendant the United States of America (the "Government"). It seeks dismissal of one aspect of *pro se* plaintiff Frederick D. Pina's claim for damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.* Pina alleges that on May 31, 2018, a U.S. Postal Service truck recklessly struck his vehicle, causing personal injury to him and damage to his vehicle. In his original administrative claim, presented to the Government, he sought $400,000 for the former and $50,000 for the latter. *See* Dkt. 16-1. In his Complaint here, however, Pina for the first time claimed that the injuries he sustained in the accident caused him to "abandon all his business operations," which in turn led to the loss of a lucrative prospective business relationship between Pina's company, Japanese Juices LLC,[1] and Delta Air Lines, Inc.—a loss which Pina values at $146 million. Dkt. 2 ("Compl.") at 1–4.

---

[1] Because Pina is proceeding *pro se* in this action, and business entities such as limited liability companies ("LLCs") may not be represented by non-lawyers, *see, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007), then-Chief Judge McMahon *sua sponte* dismissed Japanese Juices LLC's claims upon the filing of this action. *See* Dkt. 3. As noted below, the Court in this opinion is directing the Clerk of Court to amend the caption of this case to reflect that dismissal.

The Government argues that Pina did not present such business losses in administrative proceedings before he filed this action, and that doing so is a jurisdictional prerequisite to filing an FTCA claim. *See* Dkt. 15 ("Def. Mem.") at 7–8. It therefore seeks dismissal, for lack of subject-matter jurisdiction, of Pina's claims other than those for personal injury and damage to his vehicle, because those are the only claims that he presented before filing suit. *Id.* It also argues that, in any event, Pina's claim for damages must be capped at the $450,000 that he claimed in his administrative proceedings. *Id.* at 8 (citing 28 U.S.C. § 2675(b)).

Before the Court is the April 20, 2021 Report and Recommendation of the Hon. Barbara C. Moses, United States Magistrate Judge, recommending that the Court grant the Government's motion to dismiss Pina's claims to the extent they seek damages beyond those Pina presented to the agency for his personal injuries and property damage. *See* Dkt. 29 ("Report"). For the following reasons, the Court adopts that recommendation in full and grants the Government's partial motion to dismiss.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Moses's well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.

In the course of its review, the Court has determined that the Report is consistent with the Second Circuit's recent decision in *Collins v. United States*, --- F.3d ---, No. 20-2021, 2021 WL 1704272 (2d Cir. Apr. 30, 2021). That decision, rendered 10 days after Judge Moses issued the Report in this case, reversed the dismissal of a plaintiff's FTCA claim for failure of presentment. In *Collins*, the district court had faulted the plaintiff for presenting only "conclusory" allegations in his administrative claim and failing to include substantiating evidence. *Id.* at *8–9. The Circuit reversed, holding that the plaintiff's administrative claims were "quite specific," and not conclusory, and that the presentation of supporting evidence is not required to satisfy the FTCA's presentment requirement, which only requires notice, not proof. *Id.* The Circuit recognized, however, that a plaintiff may fail to adequately present her claims to the Government where the claim "vaguely references the possibility of future damages" not specified in the administrative claim, *id.* at *8 (citing *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983)), and that the FTCA's presentment requirement requires that a claimant "provide enough information to permit the agency to conduct an investigation *and to estimate the claim's worth*," *id.* at *7 (emphasis added) (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)).

Here, as the Report notes (and as Pina did not contest in opposing the Government's motion), Pina, before filing this action seeking $146 million on the theory that he had sustained lost business opportunity damages, did not present to the Government *any* claim for such damages. Instead, he sought only the specific amount of $450,000 resulting from damage to his person and vehicle. *See* Dkt. 16-1. Pina's administrative claim thus did not even vaguely

3

reference his damages for a lost business opportunity. His failure to do so precluded the agency from "estimat[ing] the claim's worth" in this respect. *See Collins*, 2021 WL 2021 WL 1704272, at *8. Further, his claim for lost business is "in excess of the amount of the claim presented to the federal agency," and Pina has not presented any argument that this increase resulted from "newly discovered evidence" or "intervening facts" not available to him at the time he submitted his administrative claim. *See* 28 U.S.C. 2675(b) ("Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.").

Accordingly, the Report's conclusion, far from clear error, is consistent with recent Circuit authority construing the scope of the FTCA's presentment requirement. And its further determination that Pina's failure to comply with the FTCA's presentment requirement could not be equitably excused—either by the Government's alleged misconduct or based on Pina's attorney' alleged errors—is also sound, given the jurisdictional nature of that requirement. *See, e.g.*, *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (courts have "no authority to create equitable exceptions to jurisdictional requirements").

Because the Report explicitly states that "[t]he parties shall have 14 days from this date to file written objections to this Report and Recommendation" and that "[f]ailure to file timely objections will result in a waiver of such objections and will preclude appellate review," Report at 12, the parties' failure to object operates as a waiver of appellate review. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants the Government's partial motion to dismiss. This case—now only concerning Pina's claims for personal injuries and property damage up to $450,000—remains under the able general pretrial supervision of Judge Moses.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 14, and to mail a copy of this decision to Pina at the address on file.

The Clerk of Court is further directed to amend the caption of this case to reflect the above caption.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 12, 2021
New York, New York