UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

FREDERICK D. PIÑA,

                          Plaintiff,

                          -v-

UNITED STATES OF AMERICA,

                          Defendant.

20 Civ. 1371 (PAE) (BCM)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      The Court has received a letter from *pro se* plaintiff Frederick D. Piña, which accuses the Court of "judicial corruption" and notes that Piña intends to file a grievance with the Department of Justice. *See* Dkt. 34. On April 20, 2021, Judge Moses issued a report and recommendation that recommended the dismissal of Piña's claim for lost-business damages, on the basis that he had not presented such claim in the administrative process required before filing suit under the Federal Tort Claims Act. *See* Dkt. 29 ("Report"). The Report was mailed to Piña's address then on file, but eight days later, on April 28, 2021, the Court received notice from Piña that he had changed addresses. Dkt. 30. On May 12, 2021, after Piña did not file objections, the Court adopted the Report in full. Dkt. 31. That decision was mailed to Piña's new, current address. On May 18, 2021, the Court received a "motion to oppose" from Piña, noting that the delay in his receiving notice of the Report gave him only "four days left before the expiration date to respond to" the Report, "of which Plaintiff was grossly deprived of his legal right to file a written opposition." Dkt. 32. He also argued that, under 45 C.F.R. § 1303.7(a), a provision that applies to administrative appeals filed by grantees under the Department of Health and Human Services' Head Start Program, the Court's decision was "null and void." Dkt. 32 at 2.

On May 20, 2021, to afford Piña a meaningful opportunity to file objections to the Report, the Court granted him an additional two weeks, until June 3, 2021, to do so. Dkt. 33. Instead, on May 26, 2021, Piña wrote a second letter, again relying on 45 C.F.R. § 1303.7(a), seeking sanctions against the Government for failing to serve the Report on Piña, and concluding that "[t]he Government has forever lost its right to appeal this FTCA claim for legal damages of $146 Million dollars when it willfully failed to turn over to Plaintiff a copy of" the Report. Dkt. 34 at 1–2.

As stated, the provision of the Code of Federal Regulations that Piña cites has no bearing on the proceeding here; it applies to a separate, administrative appeals process unrelated to the Federal Tort Claims Act, and here the Government is not appealing any damages award. The Government did not engage in any misconduct; it was not under any obligation to ensure he received the Report, or to ensure that Piña's address on file with the Court was current. The only relevant procedural error here is this: because the Court received Piña's notice of his new address *after* the Report had been sent to his old, outdated address, Piña appears not to have received the Report in time to file any objections to it. To remedy the mailing error, however, and to give Piña the opportunity to explain why he believes the Report's legal or factual conclusions are wrong, the Court directed that the Report be mailed to his current address, and granted him an additional two weeks to object to it. That remains in effect: Piña may submit any objections to the Report by June 3, 2021. But Piña's letter does not otherwise provide any basis on which to reconsider the Court's prior rulings, to impose sanctions against the Government, or to grant Piña any other relief. Nor does it provide a basis for Piña's charges of corruption and bad faith against the Court and Government.

The Clerk of Court is respectfully directed to mail a copy of this Order to Piña.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: May 28, 2021
       New York, New York