UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREDERICK D. PIÑA,

                     Plaintiff,

        -v-

UNITED STATES OF AMERICA,

                     Defendant.

20 Civ. 1371 (PAE) (BCM)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Currently pending is a motion from *pro se* plaintiff Frederick D. Piña "to Oppose and Re-Instate Partial Claims." Dkt. 37 ("Mot."). Piña argues that he was prejudiced by the failure of the Court and defendant the United States of America (the "Government") to provide him with a copy of the April 20, 2021 Report and Recommendation of the Honorable Barbara C. Moses, United States Magistrate Judge, Dkt. 29 (the "April R&R"), which recommended granting the Government's partial motion to dismiss. Mot. Piña also argues that his previous attorney committed legal malpractice. *Id.*

    Before the Court is the Report and Recommendation of Judge Moses, which recommends that the Court deny Piña's motion. Dkt. 41 (the "Report"). On December 8, 2021, Piña filed objections to the Report. Dkt. 43 ("Objections"). On December 21, 2021, the Government filed its response to Piña's objections. Dkt. 47 ("Opp.").

    For the reasons that follow, the Court adopts Judge Moses' recommendation and denies Piña's motion to oppose the April R&R and re-instate partial claims.

**I.      Background**

    **A.      Factual and Procedural Background**

The Court adopts the Report's detailed account of the facts and procedural history. The following summary captures the limited facts necessary for an assessment of the issues presented.

On February 14, 2020, Piña filed the complaint in this suit. It claimed that he was entitled to damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 *et seq.*, following an accident with a United States Postal Service ("USPS") truck. It alleged that, on May 31, 2018, Piña had been driving a vehicle owned by his company, Japanese Juices, LLC ("Japanese Juices"), when the USPS truck recklessly struck his car, causing personal injury to him and damage to his vehicle, and forcing him to incur business-related losses. He alleged that he was entitled to compensatory damages of $146 million; attorneys' fees; $6,000 for insurance reimbursement; $7,000 for car repairs and storage costs; and $200,000 of lost company income. *See* Dkt. 2 ("Compl."). In Piña's original administrative claim, presented to the Government, he sought damages only for personal injury and damage to his vehicle, but he further claimed before this Court that the injuries he sustained in the accident caused him to "abandon all his business operations," causing him to lose an opportunity to contract with Delta Air Lines for $146 million. *See id.* ¶ 8; Dkt. 16-1.[1]

On September 15, 2020, the Government filed a partial motion to dismiss, directed to the claims for damages in Piña's complaint beyond those for personal injury and damage to his vehicle. Dkt. 14. It argued that because Piña had failed to present any claims on behalf of

---

[1] As reviewed *infra*, Piña's Objections attach an email he sent to Kimberly A. Herbst of the USPS stating that, "My company lost a business opportunity with Delta Airlines that was being valued at $146 Million dollars." Mot., Ex. Z.

2

Japanese Juices to the USPS, he had not met the FTCA's presentment requirement, 28 U.S.C. § 2675(a), which is a jurisdictional prerequisite to bringing suit under the FTCA. Dkt. 15. On September 21, 2020, Judge Moses issued an order reminding Piña of his duty to keep the Court apprised of his current address, because several previous mailings to him had been returned as undeliverable. Judge Moses also directed the Clerk of Court to update the docket with Piña's latest mailing address, which she had learned as a result of a courtesy call the Court's staff had made to Piña. Dkt. 20; Report at 2.

On October 6, 2020, Judge Moses directed Piña to file a notice of change of address confirming his address by October 15, 2020, and extended his time to respond to the partial motion to dismiss. Dkt. 23. On October 30, 2020, Piña filed a notice of a change of address; at that time, his address was on Marcus Garvey Boulevard, Brooklyn, New York. Dkt. 24.

On November 12, 2020, the Clerk of Court received returned mail that had been sent to the Marcus Garvey Boulevard address. On April 20, 2021, Judge Moses issued the April R&R, recommending that the Government's partial motion to dismiss be granted because Piña had failed to present any claims beyond personal injury and property damage to the USPS, as required under the FTCA. Dkt. 29. On April 28, 2021, Piña entered another notice of a change in address, this time to one on Vreeland Street in Staten Island, New York. Dkt. 30.

On May 12, 2021, the Court adopted Judge Moses's April R&R and partially dismissed Piña's claims. Dkt. 31 ("May Op."). Piña had not objected to the April R&R. However, on May 18, 2021, Piña filed a motion to oppose. Dkt. 32. He argued, in part, that he had not received a copy of the April R&R. *See id.* Accordingly, on May 20, 2021, the Court granted Piña an additional two weeks, starting that day, to submit any objections to the April R&R, given

that Piña had notified the Court of his change of address only after the April R&R had issued and been mailed to his Marcus Garvey Boulevard address. Dkt. 33 ("May 20 Order").

On May 26, 2021, Piña wrote a letter seeking sanctions against the Government and stating that the Government had "forever lost its right to appeal this FTCA claim for legal damages of $146 Million dollars when it willfully failed to turnover to Plaintiff a copy of" the April R&R. Dkt. 34. On May 28, 2021, the Court issued an order addressing such claims and reminding Piña that he had until June 3, 2021 to object to the April R&R. Dkt. 35. Finally, on June 14, 2021, having not received any further correspondence or objections from Piña, the Court reaffirmed its adoption of the April R&R. Dkt. 36.

On June 21, 2021, Piña filed the instant motion. He makes two claims. First, he says that he "still hasn't yet . . . ever received any copies of" the April R&R. Mot. "Because of this Court's and [the Government's] collective failures to issue (or share) copies of this legal document," Piña argues, he "has been unfairly prejudiced." *Id.* Second, Piña argues, in response to the Court's finding that he had failed to present his business-related FTCA claim, "this Court also fails to understand or acknowledge" that Piña's lawyer had committed legal malpractice and is being investigated by the New York State Attorney Grievance Committee. *Id.*

On December 1, 2021, Judge Moses issued the Report, recommending that the Court deny Piña's motion. Dkt. 41 ("Report"). On December 8, 2021, Piña filed objections. Dkt. 43 ("Objections"). On December 21, 2021, the Government responded to Piña's objections. Dkt. 44 ("Opp.").

### B. The Report and Recommendation

The Report recommends denying Piña's motion for reconsideration, which it construed as brought on grounds including mistake and excusable neglect. *See* Fed. R. Civ. P. 60(b); Report at 5. As Judge Moses explained, although it is possible that the Clerk of the Court mailed him

4

the May 20 Order, which gave Piña two additional weeks to respond to the April R&R, but neglected to send a copy of the April R&R itself, "[o]n the record of this action . . . that would not justify further relief." *Id.* at 6. That is because Piña had made clear that he had received the May 20 Order. He thus knew he had until June 3, 2021, to object to the April R&R through his filings. Had he not yet received a copy of the Report, he had multiple options to get one. *Id.* at 6–7. In light of his "inaction" in the face of multiple orders giving him an opportunity to respond by June 3, 2021, Judge Moses accordingly found Piña not entitled to reconsideration for excusable neglect or mistake.

Judge Moses next explained that Piña is not entitled to reconsideration on account of his previous lawyer's alleged legal malpractice. That, she noted, was "the precise argument he made in opposition to the government's partial motion to dismiss." *Id.* at 8. It had been "expressly considered . . . carefully analyzed . . . and squarely rejected" by both Judge Moses and this Court. Because Piña cannot relitigate issues already decided, and because he points to no error in that decision, his motion for reconsideration fails.

Finally, Judge Moses found Piña not entitled to relief under Rule 60(b)(6)'s provisions for "extraordinary circumstances" or "an extreme hardship." No such circumstances are present, she found, and Piña's $450,000 claim against the USPS for personal injury and property damage remains alive. *Id.* at 8–9.

## II. Discussion

### A. Applicable Legal Standards

#### 1. Reports and Recommendations

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must

5

determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. U.P.S.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the Report and Recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *See Dickerson*, 2013 WL 3199094, at *1; *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

### 2.    Rule 60(b)

Construing Piña's motion liberally, he seeks relief under Federal Rule of Civil Procedure 60(b). It provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding[.]" The rule should, "[p]roperly applied . . . strike[] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also, e.g., Det. Badge #379 Angel Santiago v. ID&T/SFX Mysteryland LLC*, No. 17 Civ. 101 (PAE), 2018 WL 1918612, at *1 (S.D.N.Y. Apr. 19, 2018). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell, in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990); *see also Nemaizer*, 793 F.2d

at 61 ("Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.").

**B. Analysis**

Piña makes several objections to the Report. Although these are largely conclusory, based on new evidence, or reprise arguments already considered and rejected by Judge Moses and this Court, the Court, in an excess of caution, reviews the aspects of the Report to which Piña objects *de novo*. The Court takes each of Piña's objections in turn.

**1. Objection Based on Alleged Legal Malpractice**

First, Piña argues that "his prior counsel's legal malpractice" justifies allowing his lost business opportunity claims to proceed. Objections at 1. Because Piña made this very argument in the instant motion and in opposition to the Government's partial motion to dismiss, this finding can be overturned only on a showing of clear error. Piña does not show this. Indeed, even reviewing Piña's objection *de novo*, he has not shown either mistake or excusable neglect under Rule 60(b)(1).

Piña's objection cannot constitute mistake under Rule 60(b)(1) because he does not point to any error. Instead, he reiterates his disagreement with the April R&R's conclusion that "there is no equitable exception for the exhaustion requirement based on ineffectiveness of counsel," *see* April R&R at 10, which was adopted by this Court and, on reconsideration, reiterated by Judge Moses, *see* May Op. at 4 (holding that April R&R's "determination that Piña's failure to comply with the FTCA's presentment requirement could not be equitably excused . . . based on Piña's attorney'[s] alleged errors" was "sound, given the jurisdictional nature of that requirement"). Piña's claim has been repeatedly considered, reviewed, analyzed, and rejected. His reprise of his claim of his attorney's malpractice does not allow Piña any relief on the ground that there has been a "mistake" within the meaning of Rule 60(b). *See Hamilton v. Lee*, 188 F.

7

Supp. 3d 221, 238 (E.D.N.Y. 2016) ("Dissatisfaction with a judgment does not sufficiently justify an allegation of mistake under Rule 60(b)(1).") (citing *In re Bulk Oil (USA) Inc.*, Nos. 89 Civ. 13380, 93 Civ. 4492, 93 Civ. 4494 (PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007)).

Nor in blaming his counsel's ostensible malpractice has Piña established excusable neglect. In evaluating claims of excusable neglect, courts are to consider "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993)). The Second Circuit has "emphasized, however, that it is the third factor—the reason for the delay—that predominates, and the other three are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415–16 (2d Cir. 2004); *see Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) ("Affording dispositive weight to [the reason-for-delay] factor accords with our precedents, which have described the reason for the delay as the most important *Pioneer* factor.").

In this Circuit, "courts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment." *Gomez v. City of New York*, 805 F.3d 419, 423–24 (2d Cir. 2015) (citing *United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976)). And here, the claimed attorney error took place years before the April R&R was filed. It therefore cannot justify Piña's delinquency in responding to that R&R. That is all the more so given the solicitude the Court showed Piña, as a *pro se* litigant, in extending the deadlines and in reviewing his pleadings. And, for the reasons explained in the April R&R and this Court's decision adopting it, Piña's

claim of a lapse by counsel does not excuse his failure to present his claim for lost business opportunities.

Accordingly, Piña is not entitled to relief from the order granting the partial motion to dismiss on such grounds.

### 2. Sole Proprietor Objection

Second, Piña argues that he "is a sole proprietor and cannot be legally separated from his business," Japanese Juices. Objections at 1. This objection, too, reprises an argument Piña has already made and lost before by the Court. As the Government explains, the April R&R found that "*neither* plaintiff *nor* his company presented a lost business opportunity to the USPS." Opp. at 9 (quoting April R&R at 11) (emphasis in April R&R). Piña did not object to the April R&R's detailed factual findings to this effect, which stand undisturbed. Given these findings, he therefore cannot be relieved under Rule 60(b)(1). *See In re Bulk Oil (USA) Inc.*, 2007 WL 1121739, at *10 ("Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'") (quoting *Matura v. United States*, 189 F.R.D. 86, 90 (S.D.N.Y. 1999)). Under Rule 60(b)(1), then, Piña is not entitled to any relief based on this objection.

### 3. Objection Based on Email to USPS

Revisiting the facts, Piña next claims that he did present his claim for a lost business opportunity—in an email to Kimberly A. Herbst of the USPS. Objections at 2. However, Piña's bid to restore these damages claims on the ground that he satisfied the presentment requirement via his email to Herbst does not undermine the Report, for several reasons.

At the threshold, as the Government notes, Piña's factual theory to this effect was presented for the first time in his Objections to the Report. Courts typically do not consider new evidence raised on reconsideration. *See, e.g., Munn v. APF Mgmt. Co., LLC*, No. 19 Civ. 10791

9

(CS), 2021 WL 2355308, at * 3 (S.D.N.Y. June 9, 2021) ("The Court could not have overlooked this issue when it decided [the motion] to dismiss, because Plaintiff never raised it when arguing against dismissal.") (citing *Chan v. Chinese-Am. Plan. Council Home Attendant Prog., Inc.*, 180 F. Supp. 3d 236, 243 (S.D.N.Y. 2016) (a motion for reconsideration "may be granted where a court overlooks . . . factual matters *that were put before it in the underlying motion*") (emphasis in *Munn*)). And "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Ametepe v. Peak Time Parking, Corp.*, No. 18 Civ. 5384 (PAE) (SDA), 2021 WL 1172669, at *3 (S.D.N.Y. Mar. 29, 2021) (quoting *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases)) (alteration in *Ametepe*); *see* Opp. at 9 (citing caselaw to the same effect). Here, Piña's delinquency in making this argument is especially acute. He did not point to his email to Herbst—his ostensible evidence of presentment—in his (1) complaint, Dkt. 2, (2) opposition to the Government's motion to dismiss, Dkt. 25, (3) May 18, 2021 letter, Dkt. 32, or (4) May 26, 2021 letter, Dkt. 34. Nor did he include this evidence at the time he made the instant motion. Given this, the Court is not obliged to consider this email as grounds to reconsider Judge Moses's April R&R.

In any event, even had this argument been timely pursued, the evidence to which Piña points does not satisfy the FTCA's presentment requirement and also appears to be barred by sovereign immunity. It is thus not a basis for relief under Rule 60(b)(1). The email Piña attaches to his objections reads, in full:

> Dear Ms. Herbst, I just received the letter you sent me in the mail. It seems that in the back of your brain you're misreading me and forming the mistaken impression that I'm somehow desperate and willing to take whatever bone the Post Office think it can throw at me. How mistaken you are (and will be). The repair bill for that Cadillac is $6,906.16 and you're going to also cover the costs of my loss insurance policy with Progressive; which was nearly $4,500 dollars. If you think, that after

10

> disrupting my life and my business; that I'm going LOSE money; by having to pay for the insurance policy after nickel and diming me; then you are out of your mind. In addition, My company lost a business opportunity with Delta Airlines that was being valued at $146 Million dollars. And we haven't gotten to my personal bodily injuries. I will be filing a lawsuit!!! Tell the Post Office to prepare itself. You seem to think that I'm weak and that I'm desperate. And I am neither. – Frederick.

Objections, Ex. Z (emphasis omitted). Piña argues that the statement in this email that "My company lost a business opportunity with Delta Airlines that was being valued at $146 Million dollars" constituted presentment under the FTCA. Objections at 2.

The Second Circuit has held that "a claimant presenting an FTCA claim for administrative review . . . 'must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate.'" *Collins v. United States*, 996 F.3d 102, 111 (2d Cir. 2021) (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998)). The claimant "must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Id.* (quoting *Romulus*, 160 F.3d at 132). For example, in *Collins*, the plaintiff provided "the date, time, and precise location of the collision . . . the name of the USPS employee involved and a narrative of the relevant events . . . quite specific information about the nature of the injuries he sustained from the collision," and documents from the hospital where he was recovering. *Id.* at 112. Collins's counsel further advised USPS that Collins was hospitalized in the intensive care unit. *Id.* The Second Circuit held that this data sufficed: "The provision of this information was sufficient to alert USPS to the scope of Collins's alleged injuries and to permit an investigation in order to value this claim." *Id.* at 113. Piña's email does not contain comparable specificity—or close. The one pertinent sentence there, to the effect that he had lost $146 million in business opportunities, was far from enough to allow USPS to appropriately investigate this claim.

11

Even if Piña's email had developed this claim comparably to that in *Collins*, it would likely fail for the independent reason that the Government has not waived sovereign immunity for claims of interference with contract rights. "[I]t is well settled that '[s]overeign immunity is a jurisdictional bar, and a waiver of sovereign immunity is to be construed strictly and limited to its express terms.'" *Manchanda v. Lewis*, No. 21-1088-Civ., 2021 WL 5986877, at *4 (2d Cir. Dec. 17, 2021) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998)). The FTCA exempts from its waiver of sovereign immunity "[a]ny claim arising out of . . . interference with contract rights." 28 U.S.C. § 2680(h). Here, Piña does not elucidate the purported tort that he claiming USPS committed. He claims that the accident with USPS "caused [Japanese Juices] to lose the services of [Piña] . . . from a large; highly lucrative new beverage contract" and caused "his loss of business [of] a[] prospective client, Delta Airlines, Inc." Compl. ¶¶ 2, 9. At least as articulated, such claims sound in contract—and cannot be brought pursuant to the FTCA. *See, e.g., Cooper v. Am. Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992) ("Cooper's claims against the government could be construed as claims of tortious interference with present or future contractual relations . . . [for] alleging that the actions of the government had resulted in the cancellation of a contract to sell the business and the loss of future business opportunities. . . . [They] are . . . barred by 28 U.S.C. § 2680(h).") (internal citation omitted); *Moessmer v. United States*, 760 F.2d 236, 237 (8th Cir. 1985) ("We hold that Moessmer's claim for interference with prospective economic advantage is the equivalent of a claim for interference with contract rights, and thus falls within the section 2680(h) exemption."); *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1154–55 (D.C. Cir. 1985) ("Art Metal's claims for interference with prospective advantage are barred as claims arising out of interference with contract rights" because "[t]o hold

12

that interference with prospective advantage does not arise out of interference with contract rights under section 2680(h) would subject the government to liability if its employees interfered with the plaintiff's mere expectation of entering a contract[.]").

Accordingly, even treating the email as if timely identified as a basis for relief, it would not entitle him to relief under Rule 60(b)(1). *See Wilson v. Capra*, No. 15 Civ. 6495 (MKB), 2021 WL 3145929, at *6 (E.D.N.Y. July 26, 2021) (because decision "did not overlook controlling law or facts," plaintiff was not entitled to reconsideration).

### 4. Claims of Bias

Finally, Piña argues that the April R&R was "inherently biased and prejudiced, as this Court is a subsidiary of the Defendant's vast legal and military powers arsenal and whose self-dealings are clearly quite self-beneficial." Objections at 1. This invective, which Piña has made before, *see* Dkt. 34, has no place in this litigation. Judge Moses has shown admirable solicitude for Piña, including by proactively seeking out his address when he failed meet his obligation to update it for the Court, and by mailing documents to that address. And this Court, after receiving correspondence from Piña, gave Piña an additional two weeks to respond to the April R&R. He spurned that opportunity. In this context, Piña's resort to insults claiming bias against him is all the more improper. Even putting its impropriety aside, this objection fails to state valid grounds for reconsideration. *See, e.g., Gamez v. Alexander*, No. 10 Civ. 5414, 2013 WL 1628908, at *2 (E.D.N.Y. Apr. 16, 2013).

The Court reminds Piña to heed Judge Moses's recent order directing him to pursue his claims with proper decorum. *See* Dkt. 52 at 2 (noting that "*pro se* plaintiffs, like other litigants, are expected to approach scheduling and other pretrial matters cooperatively, deal courteously with their adversaries, and respect the authority of the Court," and citing numerous occasions in

which Piña "has accused opposing counsel of nonexistent misconduct" and "the Court of corruption, bias and prejudice when dissatisfied with a judicial ruling").

## CONCLUSION

For the foregoing reasons, the Court denies Piña's motion. This case remains under the able general pretrial supervision of Judge Moses.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 37, and to mail a copy of this decision to Piña at the address on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 15, 2022
       New York, New York