UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK D. PIÑA,

        Plaintiff,

-against-

THE UNITED STATES OF AMERICA,

        Defendant.

20-CV-1371 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's conference, it is ORDERED that:

1. The Assistant United States Attorney who will be responsible for this matter during attorney Kim's leave shall promptly file a notice of appearance, to ensure continuity and prompt delivery of electronic notifications via ECF.

2. The parties shall use their best efforts to establish a schedule for all anticipated depositions as early as possible – even if the depositions themselves occur in May or June – to minimize later scheduling disputes.

3. Plaintiff Piña shall advise the Court by letter, no later than **April 21, 2022**, whether he will withdraw his April 1, 2022 letter-motion (Dkt. No. 64), which the Court construes as yet another motion made pursuant to Fed. R. Civ. P. 60(b) to vacate this Court's May 12, 2021 Opinion and Order (Dkt. No. 31), dismissing the portion of plaintiff's FTCA claim seeking $146 million in lost business profits as damages for an automobile accident with a United States Postal Service (USPS) vehicle that required repairs to plaintiff's car and caused him to suffer neck pain and a pinched nerve in his back.

    a. As the Court explained during today's conference, plaintiff has already attempted to vacate that ruling multiple times, *see* Dkt. Nos. 32, 43, 49, 59-60, including *two* prior, unsuccessful motions made on the *same*

    *ground* reprised in his April 1 letter, namely, that by virtue of his former counsel Thomas W. Hochberg's March 16, 2019 letter to Kimberly A. Herbst (a copy of which plaintiff had in his own files but had "long-forgotten," *see* Dkt. No. 49 at 1), he adequately presented his lost business profits claim to the USPS prior to filing this action. *See* Dkt. Nos. 49 at 1-2; *id*. Ex. 19 (ECF pages 10-11) (copy of Hochberg's letter); Dkt. No. 60 at ECF page 5.[1]

 b. Both of those challenges failed. *See* Dkt. Nos. 58, 62. As explained by the Hon. Paul A. Engelmayer, United States District Judge, on March 15, 2022, even if Piña had adequately presented his lost business profits claim to the USPS, and even if he had timely raised the issue in this forum, the purported $146 million claim would be subject to dismissal because "the Government has not waived sovereign immunity for claims of interference with contract rights." Dkt. No. 58, at 12 (collecting cases).[2] Thereafter, on March 31, 2022, Judge Engelmayer more pointedly denied plaintiff's *second* motion to vacate on the basis of Hochberg's letter, noting that it "raise[d] no new or meritorious grounds." Dkt. No. 62.

---

[1] As relevant here, the letter informed the USPS that plaintiff "estimated a significant reduction and loss to his business because of the physical pain he suffered after the accident and because his vehicle was unusable." Dkt. No. 64 at ECF page 3. No further detail was provided. In this Court, plaintiff alleged that due to the accident his wholly-owned start-up beverage company, Japanese Juices, LLC, was unable to pursue a "highly lucrative" contract with Delta Airlines, a "prospective client," which had been tentatively valued" (by whom, plaintiff did not say) at $146 million. Compl. (Dkt. No. 2) ¶¶ 2, 8-10. On this basis, plaintiff sought $146 million as damages for the USPS's "tortious interference" with the prospective Delta Airlines contract. *Id*. ¶ 28.

[2] As discussed at today's conference, the March 15, 2022 decision did not question the authenticity or timely delivery of Hochberg's letter. Thus, the fact that plaintiff has now received another copy of the same document in discovery, from the government, does not alter the analysis or provide a new ground for argument.

    c.    "Rule 60(b) motions are disfavored and reserved for exceptional cases." *Simon v. United States*, 2020 WL 832887, at *3 (S.D.N.Y. Feb. 20, 2020); *accord Crawford v. Franklin Credit Mgmt.*, 2013 WL 2951957, at *1 (S.D.N.Y. June 14, 2013) (quoting *Canale v. Manco Power Sports, LLC*, 2010 WL 2771871, at *2 (S.D.N.Y. July 13, 2010)). "Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Hoffenberg v. United States*, 2010 WL 1685558, at *4 (S.D.N.Y. Apr. 26, 2010) ("Relief under Rule 60(b) is only warranted if the [moving party] presents 'highly convincing' evidence that demonstrates 'extraordinary circumstances' justifying relief.") (citations omitted). A Rule 60(b) motion "is addressed to the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused." *Nemaizer*, 793 F.2d at 61-62.

    d.    Plaintiff Piña's April 1, 2022 letter, if not withdrawn, would constitute his *fifth* challenge to this Court's dismissal of his lost business profits claim and his *third* such challenge made pursuant to Rule 60(b) on the basis of Hochberg's letter.[3] Because the motion improperly reploughs old and meritless ground – and because plaintiff has been warned of the consequences and given an opportunity to withdraw the motion –

---

[3] In addition, in violation of the final judgment rule, *see Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981), plaintiff recently filed a Notice of Appeal from Judge Engelmayer's denial of his *last* Rule 60(b) motion. (Dkt. No. 68.)

        **significant sanctions could be assessed should plaintiff once again seek vacatur on the basis of Hochberg's letter**.

e.     Plaintiff is encouraged to seek legal advice concerning the issues discussed above prior to his April 21 deadline, and is advised that his letter may *not* include new argument regarding the relief he seeks. Should he pursue the motion, and should the government file an opposition, plaintiff will be given an opportunity to file a reply.

Dated: New York, New York  
      April 15, 2022                                       **SO ORDERED.**

                                                                   **BARBARA MOSES**  
                                                                   **United States Magistrate Judge**