```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :
   FREDERICK D. PIÑA,                                    :
                                                         :
                              Plaintiff,                 :     20 Civ. 1371 (PAE) (BCM)
                   -v-                                   :
                                                         :     OPINION & ORDER
   UNITED STATES OF AMERICA,                             :
                                                         :
                              Defendant.                 :
                                                         :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

In two letter motions, *pro se* plaintiff Frederick D. Piña asks this Court, for the fifth and sixth times, to reinstate his claim for $146 million in lost business opportunity damages resulting from a 2018 automobile accident in which a United States Postal Service ("USPS") truck collided with his automobile. The instant motions follow four prior motions for reconsideration and/or vacatur from Piña. Each sought review of the decision granting the motion of defendant United States to dismiss the lost business opportunity claim. *See* Dkts. 31, 36. The Court denied all four successive motions for reconsideration and/or vacatur. *See* Dkts. 29, 31, 33, 35, 41, 58, 59, 62.

Before the Court is the December 7, 2022 Report and Recommendation (the "Report") of the Hon. Barbara C. Moses, United States Magistrate Judge, recommending that the Court deny the two pending motions by Piña: one for reconsideration of the original motion to dismiss, and another to vacate a decision that denied a motion for reconsideration. The Report further recommends, in light of the repetitive nature of Piña's filings, that he be prohibited from filing in this Court further motions that seek to reinstate his lost business profits claims without first obtaining Court approval by submitting a one-page letter showing cause why the submission

should be accepted; and that he be warned that violation of the filing injunction may result in additional sanctions. For the reasons that follow, the Court adopts these recommendations.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation simply reiterates its original arguments, a district court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

Whether reviewed for clear error or *de novo*, the Court finds Judge Moses's thorough and well-reasoned Report correct to recommend (1) denial of the motions for reconsideration and

vacatur, and (2) that, absent advance permission, Piña be enjoined from filing further motions in this Court seeking to reinstate that lost business opportunity claim. The Report sets forth ample bases for these recommendations. The most critical of these is that Piña has already sought—and been denied—identical relief four times prior. *See* Report at 3. Indeed, in this Court's order denying the fourth attempt, the Court stated that Piña's attempts to vacate the grant of the motion to dismiss (and to have the Court reconsider that decision) "have been repeatedly and thoroughly addressed by this Court and Judge Moses, which have both given Piña due solicitude. . . . This motion [to vacate defendant's partial motion to dismiss] raises no new or meritorious grounds, and his claims have no basis." Dkt. 62.

As the Report notes, Piña's earliest motions relied on the argument that he had adequately presented the $146 million lost business opportunity claim to USPS in an August 27, 2019 email to USPS Tort Claims Adjudicator Supervisor Kimberly A. Herbst. As explained in the Report, the Court, in granting a partial motion to dismiss directed to this claim, concluded that "the email-based argument was not timely raised; that the email did not satisfy the Federal Tort Claims Act's [(the "FTCA")] presentment requirement, which was jurisdictional; and that even if plaintiff had met the presentment requirement, his claims for lost business opportunity damages would be barred because 'the Government has not waived sovereign immunity for claims of interference with contract rights.'" Report at 2–3 (citing Dkt. 58 at 10–13). Piña, in later motions, attempted to satisfy the presentment element by pointing to a different, newly discovered letter from his records, from his former counsel Thomas Hochberg to Herbst on March 16, 2019. Dkt. 49 at 1. The Court again rejected the claim on the basis of this letter. *See* Dkt. 62. The two motions considered by the Report are the third and fourth attempts to satisfy the presentment requirement based on the Hochberg letter. Report at 6. Because the two

motions "now before the Court raise 'no new or meritorious grounds,'" the Report recommends that "the April 1 Letter-Motion be denied," and, "[t]o the extent plaintiff's November 23, 2022 discovery letter-brief is construed as yet another motion to vacate the May 12, 2021 Opinion, it should also be denied." *Id.*

Piña's purported objections simply repeat the same arguments that have been thoroughly addressed—and rejected—several times. The Court construes two letters from Piña—at Dockets 106 and 108—as his objections to the Report. In the first, Piña cites several sources of legal doctrine irrelevant to the claims and arguments here: the First Amendment, Dkt. 106 at 1, federal regulations governing the Department of Education's effectuation of Title VI of the Civil Rights Act of 1964, *id.*, obstruction of justice statutes, *id.* at 2, and jurisdictional statutes, *id.* In the second letter, Piña describes his objections as "for U.S. District Judge Paul A. Engelmayer's eyes only," Dkt. 108 at 1 (cleaned up). These restate in conclusory claims how his email and the email from his former lawyer, both to USPS, satisfy the FTCA's requirement for presentment. Even construing these objections as broadly as possible, in solicitude for Piña's *pro se* status, the Court cannot recognize a cognizable objection that is "specific and clearly aimed at particular findings." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (summary order). Accordingly, under clear review error, the Court adopts the Report's recommendation.

Further, as the Report notes, Piña had been warned—after his earlier attempts—that further duplicative motions would be futile, and frivolous, exposing him to the risk of sanctions. *See* Report at 3–4. Because "this Court's efforts to explain the impropriety of making repetitive motions based on previously-rejected arguments have fallen on deaf ears," *id.* at 6, the Report recommends that "the Court issue a tailored filing injunction, enforceable by monetary sanctions,

prohibiting plaintiff from filing any further motions in this Court to reinstate his lost business opportunity claim on grounds already considered and rejected," *id.* Piña does not make any cognizable objection to this recommendation.

  Accordingly, after review for clear error, the Court adopts this recommendation. The Court agrees with the Government's observation, in its response to Piña's objections, that "it is evident that [Piña] will continue to inundate this Court with filings containing the same rejected arguments." Dkt. 107. The Court bars Piña from filing further motions before this Court and Judge Moses to reinstate the lost business opportunity claim without first obtaining Court approval by submitting a one-page letter showing cause why the submission should be accepted. *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) ("A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process."); *see, e.g.*, *Duran v. Kiley*, 586 F. App'x 598, 600 (2d Cir. 2013) (affirming injunction order where defendant filed repeated, meritless motions for similar relief); *Robert v. Dep't of Just.*, 439 F. App'x 32, 35 (2d Cir. 2011) (same); *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (same). The Court advises Piña that violations of this filing injunction may result in additional sanctions beyond those already imposed by Judge Moses. *See* Report at 4–5 (describing a $100 sanction against Piña, pursuant to Federal Rule of Civil Procedure 16(f)).

## CONCLUSION

  For the foregoing reasons, the Court accepts and adopts Judge Moses's December 7, 2022 Report and Recommendation in its entirety, and denies Piña's letter motions to (1) reconsider the decision to dismiss the lost business opportunity claim; and (2) vacate the Court's May 12, 2021 Opinion. The Court respectfully directs the Clerk to mail a copy of this decision to Piña at the address on file.

The case remains under the able pretrial supervision of Judge Moses.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 27, 2022
       New York, New York