UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/15/23
```

FREDERICK D. PIÑA,

                  Plaintiff,

          -against-

THE UNITED STATES OF AMERICA,

                  Defendant.

20-CV-1371 (PAE) (BCM)

**ORDER STAYING CASE**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, this action will be stayed until plaintiff Frederick Piña has complied with a series of Court orders requiring him to pay a $100 penalty to the Clerk of Court.

## <u>Background</u>

In this action, brought *pro se* under the Federal Tort Claims Act, plaintiff initially sought $146,450,000 in damages for a 2018 automobile accident in which a United States Postal Service (USPS) truck collided with his 2017 Cadillac sedan, allegedly damaging the vehicle, causing him to suffer neck pain and a pinched nerve in his back, and causing his startup company, Japanese Juices, LLC, to lose a "highly lucrative beverage contract," valued (by plaintiff) at $146 million, that he hoped to negotiate with Delta Airlines. Compl. (Dkt. 2) ¶¶ 1-2, 8-10. In an Opinion and Order dated May 12, 2021 (Dkt. 31), the Hon. Paul A. Engelmayer, United States District Judge, dismissed the lost business opportunity claim, leaving plaintiff free to pursue up to $450,000 in damages for his personal injuries and property damage.

Thereafter, plaintiff filed five successive motions to vacate the May 12, 2021 Opinion and Order and reinstate his $146 million lost business profits claim. On March 15, 2022, Judge Engelmayer denied plaintiff's third such motion. (Dkt. 58.) On March 31, 2022, Judge Engelmayer denied plaintiff's fourth such motion. (Dkt. 62.) On April 1, 2022, plaintiff filed a letter-motion constituting his fifth attempt to vacate the May 12, 2021 Opinion and Order and reinstate his $146

million lost business profits claim. (Dkt. 64.)

On April 14, 2022, during a telephonic scheduling and status conference, I gave the plaintiff an opportunity to withdraw his April 1, 2022 letter-motion without penalty. I explained the risks that he faced (including the risk of sanctions should he persist in filing repetitive motions on grounds already considered and rejected by the Court), recommended that he consult with counsel, and directed him to notify the Court of his decision, in writing, no later than April 21, 2022, *without additional argument*. I repeated these directions in my written Order dated April 15, 2022, which expressly warned Piña – again – that he could face sanctions, and reminded him that his notification letter, due on or before April 21, 2022, "may *not* include new argument regarding the relief he seeks." (Dkt. 71, ¶ 3(e).)

Later that same day, Piña filed a letter in which he (i) declined to withdraw his most recent attempt to vacate Judge Engelmayer's dismissal of his purported lost business profits claim, and (ii) presented two pages of new legal argument as to why, in his view, the May 12, 2021 Opinion and Order – as well as Judge Engelmayer's decisions denying his previous efforts to vacate that Opinion and Order – were "fundamentally flawed and outright illegal." (Dkt. 73, at 1-2.)

On April 25, 2022, after summarizing the facts recounted above, the Court assessed a monetary penalty, as follows:

> Plaintiff Pina having violated this Court's express order that no additional argument be included in his notification letter, it is FURTHER ORDERED, pursuant to Fed. R. Civ. P. 16(f), that plaintiff pay the sum of **$100** to the Clerk of Court, as a sanction, no later than **May 6, 2022**.

(Dkt. 74, at 2 ¶ 2.) The Court then reminded plaintiff "that his *pro se* status does not permit him to violate the orders of this Court or exempt him from sanctions should he do so. *See*, *e.g*., *Koehl v.*

*Greene*, 424 F. App'x 61, 62 (2d Cir. 2011); *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 247 (2d Cir. 2004)." (Dkt. 74, at 2.)[1]

Plaintiff did not file any objections to the April 25, 2022 Order pursuant to Fed. R. Civ. P. 72(a), and did not seek reconsideration pursuant to Local Civ. P. 6.3. He did file a Notice of Appeal from the April 25, 2022 Order (Dkt. 78), but did not seek a stay pending appeal. On September 12, 2022, the Second Circuit dismissed his appeal. (Dkt. 87.)

To date, plaintiff has failed and refused, without excuse, to pay the $100 sanction. On February 2, 2023, the Court again directed plaintiff to pay the $100, giving him a deadline of February 16, 2023. (Dkt. 117, at 4.) That date came and went with no payment and no explanation from plaintiff. On February 27, 2023, the Court again directed plaintiff to pay the $100 penalty, giving him a deadline of March 13, 2023. (Dkt. 122.)

On March 1, 2023, plaintiff filed a document entitled Response to Judge Moses' Order, in which he states, in relevant part, that did not pay the penalty because "U.S. Magistrate Judge Barbara C. Moses orders are illegal and conflict with United States federal laws and federal regulations, and thus; are unenforceable, have no merit; as they are null void." (Dkt. 123, at 2.) (All grammar and punctuation as in the original.) Plaintiff has thus confirmed that his noncompliance with the Court's April 25, 2022 Order is intentional and willful.[2]

---

[1] On December 27, 2022, Judge Engelmayer denied plaintiff's April 1, 2022 motion to vacate the May 21, 2021 Opinion and Order and reinstate plaintiff's claim for $146 million in lost business profits arising out of an accident between his automobile and a USPS vehicle. (Dkt. 109.) Additionally, the District Judge imposed a tailored filing injunction on plaintiff, prohibiting him from "filing further motions before this Court and Judge Moses to reinstate the lost business opportunity claim without first obtaining Court approval[.]" (*Id.*, at 5.)

[2] This is not the first time that plaintiff has characterized this Court's orders as "illegal." On February 2, 2023, the Court issued an Order to Show Cause (OSC) (Dkt. 117), directing plaintiff to show cause why this action should not be dismissed, or another sanction imposed, as a penalty for his persistent use of abusive and insulting language directed at opposing counsel, the Court, and others. The OSC drew plaintiff's attention specifically to an email that he sent on January 27,

Although plaintiff was granted leave to proceed *in forma pauperis* (Dkt. 5), he has never suggested that he is financially unable to pay the $100. I note that on February 17, 2023, plaintiff claimed to have retained multiple expert witnesses to testify concerning his injuries sustained in the accident with the USPS vehicle (*see* Dkt. 120), and on March 3, 2023, he advised defendant's counsel that he was making arrangements with Dominican lawyers to tap his father's estate funds in order to pay the fees to depose defendant's expert witnesses. (*See* Dkt. 124.)

In addition to having been twice formally sanctioned, plaintiff has been repeatedly reminded that he is required, on pain of additional sanctions, to "respect the authority of the Court," including by complying with its orders. (*See* Dkt. 52, at 2; Dkt. 58, at 13; Dkt. 103, ¶ 6; Dkt. 115; Dkt. 117, at 1.) That requirement applies to *pro se* parties no less than to those represented by counsel. *See*, *e.g.*, *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.").

Plaintiff's third payment deadline (March 13, 2023) has now come and gone, and no payment has been made.

---

2023, to the attorney representing the United States in this action, calling defendant's expert medical witness "a world class prostitute" and adding: "After this case is over, if I go over to her and offer her $5000 in cash; right in her hands; she would blow me in her office." (Dkt. 116-1; *see also* OSC at 2.) In his response (OSC Resp.) (Dkt. 118), plaintiff stated – among other things – that this Court's "monetary sanctions" and all of its other "prior rulings are illegal and not in compliance with neither the evidence nor the federal laws of that nation." OSC Resp. at 6. This too demonstrates that plaintiff's flouting of the Court's $100 sanction order is intentional and willful.

## Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

> If a party . . . fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f).

Rule 37(b)(2)(C), which is referenced in Rule16(f), permits the following sanctions:

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(C). Additionally, Rule 37(b)(2)(D) provides that the Court may issue "an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(D). "In deciding whether a sanction is merited" under Rule 16(f), "the court need not find that the party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." 6A Wright & Miller, *Fed. Prac. & Proc*. § 1531 (3d ed.); *see also Am. Exch. Time LLC v. Tissot S.A.*, 2022 WL 17414348, at *3 (S.D.N.Y. Dec. 5, 2022); *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 366 (E.D.N.Y. 2013).

The Court has broad discretion to select an appropriate sanction for plaintiff's misconduct. *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 290-91 (2d Cir. 2021); *Am. Exch. Time,* 2022 WL 17414348, at *3; *Cardwell v. David Polk & Wardwell LLP*, 2022 WL 268157, at *1 (S.D.N.Y. Jan. 28, 2022); 6A Wright & Miller, *supra*, § 1531. In exercising that discretion, I am mindful of the principle that a court should generally aim to "impose the least harsh sanction that can provide an adequate remedy." *Dorchester Fin. Holdings Corp. v. Banco BRJ S.A.*, 304 F.R.D. 178, 185 (S.D.N.Y. 2014) (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010), *abrogated by Chin v. Port Auth. of New York & New*

*Jersey*, 685 F.3d 135 (2d Cir. 2012)); *see also Grammar v. Sharinn & Lipshie, P.C.*, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016). Thus, although plaintiff's conduct is plainly contemptuous, I have determined to impose the lesser sanction of a stay, which is expressly authorized by Rule 27(b)(2)(C) and is particularly well-suited to the species of misconduct presented here, where a plaintiff who chose this forum voluntarily – and who invokes its authority to pursue his claims against the defendant – flatly refuses to recognize that authority when it inconveniences or annoys him. *See Fagan v. Republic of Austria*, 2009 WL 1423338, at *5 (S.D.N.Y. May 19, 2009) (staying case until the *pro se* plaintiff "has paid the sanctions and fine against him").

As in the case of coercive civil contempt sanctions – which are "designed to coerce compliance with the court's order, and may be escaped by [the contemnors] if they conform their conduct," *New York State Nat. Org. for Women v. Terry*, 159 F.3d 86, 95 (2d Cir. 1998) – the penalty now imposed need not be permanent. While plaintiff cannot inflict further costs and expenses on the defendant while ignoring his own financial obligation, he can reacquire the right to pursue this action merely by complying with an order that he should have obeyed many months ago.

Plaintiff may pay his penalty at the Clerk's Office in cash, or by means of a check or money order made out to "Clerk of Court – SDNY." He may also mail his check or money order – clearly marked with the name and docket number of this case – to the Clerk of Court at the following address: United States District Court, Southern District of New York, 500 Pearl Street, Room 120, New York, NY 10007. Once the penalty is paid, he may move to lift the stay and resume active litigation. Plaintiff is cautioned, however, that should he delay unreasonably in paying his penalty and moving to lift the stay, this action may be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

**<u>Conclusion</u>**

For the reasons set forth above, this action is hereby STAYED pending further order of the

Court, and shall be placed on the suspense docket.

Dated: New York, New York                                    **SO ORDERED.**
      March 15, 2023

_____

**BARBARA MOSES**
**United States Magistrate Judge**

7