UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK D. PIÑA,

                Plaintiff,

v.

THE UNITED STATES OF AMERICA,

                Defendant(s).

20-CV-1371 (DEH) (BCM)

ORDER

DALE E. HO, United States District Judge:

      The procedural history of this case is detailed in Magistrate Judge Moses's Order of March 15, 2023. *See* ECF No. 125. As relevant here, on April 25, 2022, Plaintiff Frederick D. Piña was assessed a $100 penalty as a for his disobedience of a prior court order, with a payment deadline of May 6, 2022. *See* ECF No. 74 at 2. Plaintiff failed to pay the penalty without explanation. On February 2, 2023, Judge Moses directed Plaintiff to pay the $100 penalty no later than February 16, 2023. *See* ECF No. 117 at 4. Plaintiff again failed to pay the penalty. On February 27, 2023, Judge Moses extended Plaintiff's deadline to March 13, 2023. ECF No. 122. This time, Plaintiff responded, stating in a letter that Judge Moses's Order was "unlawful and illegal." ECF No. 123 at 2. On March 15, 2023, Judge Moses entered an order staying the case until Plaintiff complied with the Court's orders to pay the $100 penalty. ECF No. 125 at 1. Judge Moses stated that once the penalty was paid, Plaintiff could "move to lift the stay and resume active litigation." *Id.* Plaintiff was "cautioned, however, that should he delay unreasonably in paying his penalty and moving to lift the stay, this action may be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute." *Id.* at 6. Two days later, Plaintiff submitted a filing stating, among other things, that he would "refuse to pay [the] $100 penalty to the Clerk of Court." ECF No. 126 at 1.

Meanwhile, on December 27, 2022, in response to a series of repetitive motions to reconsider the Court's dismissal of one of Plaintiff's claims, Judge Engelmayer imposed a limited filing injunction prohibiting Plaintiff "from filing further motions before this Court and Judge Moses to reinstate [his] lost business opportunity claim without first obtaining Court approval by submitting a one-page letter showing cause why the submission should be accepted." ECF No. 109 at 5. The Court also "advise[d] Piña that violations of this filing injunction may result in additional sanctions beyond those already imposed by Judge Moses." *Id.*

More than two years passed without any action from Plaintiff. Then, On March 24, 2025, Plaintiff filed a motion to reopen this stayed case and for reconsideration of the Court's earlier dismissal of his lost business opportunity claim pursuant to Rule 60(d)(3). ECF No. 127. On March 28, 2025, the Government filed a letter response to Plaintiff's motion to reopen and for reconsideration. ECF No. 130. The Government argued that the Court should deny the motion because (1) it is untimely; (ii) Plaintiff ignored the Court's filing injunction prohibiting him from filing further motions for reconsideration without first submitting a one-page letter to the court showing cause to do so; and (iii) there is no cause for reconsideration because the motion, in addition to being untimely, merely restates previously presented arguments. *Id.* at 1. On March 27, 2025, Plaintiff filed a motion for summary judgment on all claims "follow[ing] the Court's presumed reopening of this case under Rule 60(d)(3)." ECF No. 131.

Plaintiff has not shown cause for this Court to consider either his motion to reopen the stayed case or his motion to reconsider. As to the first, Plaintiff has not shown that the $100 penalty has been paid to the Clerk of Court, as required by Judge Moses's Order of March 15, 2023. ECF No. 125 at 6 ("Once the penalty is paid, [Plaintiff] may move to lift the stay and resume active litigation."). As to the second, Plaintiff has not submitted a one-page letter to the

2

Court showing cause why his motion for reconsideration should be considered, as required by Judge Engelmayer's Order of December 27, 2022. ECF No. 109 at 5 ("The Court bars Piña from filing further motions before this Court and Judge Moses to reinstate the lost business opportunity claim without first obtaining Court approval by submitting a one-page letter showing cause why the submission should be accepted."). Instead, he submitted an eighty-two-page filing with a cover page requesting "leave to file this motion pursuant to Dkt. (December 27, 2022), which imposed a filing injunction, alleging fraud upon the court under Rule 60(d)(3) as a basis for relief." ECF No. 127 at 1.

Because Plaintiff has not shown cause why, in light of the filing injunction and stay, the Court should consider his recent filings, his motion to reopen and for reconsideration (ECF No. 127) is **DENIED**. Because Plaintiff has not shown cause for the stay to be lifted, Plaintiff's motion for summary judgment (ECF No. 131) is also **DENIED** without prejudice.

This case remains **STAYED** pending Plaintiff's payment of the $100 penalty assessed on April 26, 2022. If Plaintiff does not remit payment to the Clerk of Court by **April 17, 2025**, the Court may consider further sanctions, up to and including dismissal of the case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is respectfully requested to close ECF Nos. 127 and 131.

SO ORDERED.

Dated: April 4, 2025
      New York, New York

                                      DALE E. HO
                              United States District Judge