

**MEMO ENDORSED**

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 29, 2025

**BY ECF**
Hon. Dale E. Ho
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Piña v. United States of America,* No. 20 Civ. 1371 (DEH) (BCM)

Dear Judge Ho:

      This Office represents the United States of America (the "Government") in the above-referenced Federal Tort Claims Act ("FTCA") action, which has been stayed since March 15, 2023 (ECF No. 125). The Government respectfully submits this letter in response to *pro se* Plaintiff's seven filings (ECF Nos. 158-64) since our last letter to the Court dated April 18, 2025 (ECF No. 157), which addressed thirteen filings (ECF Nos. 144-56) made by Plaintiff following denial of his motion to reopen and motion for summary judgment on April 4, 2025 (ECF No. 143, the "April 4 Order"). In contravention of the Court's filing injunction (ECF No. 109) and stay, Plaintiff, once again, seeks summary judgment (ECF Nos. 158, 161-63) and reconsideration of the current stay on proceedings (ECF Nos. 159-60, 164).[1] In response, the Government refers the Court to its March 28, 2025 letter (ECF No. 130) and its April 18, 2025 letter (ECF No. 157), and notes that nothing in Plaintiff's filings warrants departure from the Court's April 4 Order.

      As this Court is aware from Plaintiff's twenty filings since the April 4 Order, Plaintiff continues to defy the Court's stay and filing injunction. Accordingly, unless the Court would prefer that the Government continue to respond to these improper filings, we respectfully request that the court clarify that the Government is not required to respond to Plaintiff's filings for the duration of the stay.

      We thank the Court for its consideration of this letter.

      Respectfully,

      JAY CLAYTON
      United States Attorney

---

[1] Plaintiff's Motion for Discovery Sanctions under Fed. R. Civ. P. 37 (ECF No. 164) merely restates allegations already raised to the Court's attention in Plaintiff's prior filings seeking reconsideration, *see, e.g.,* ECF Nos. 126-28, and is in essence a motion to reconsider the Court's prior orders. As such, it should be denied.

By:    /s/ *Harry K. Fidler*
     HARRY K. FIDLER
     Assistant United States Attorney
     86 Chambers Street, Third Floor
     New York, New York 10007
     Telephone: (212) 637-2800
     Email: harry.fidler@usdoj.gov

This case is currently stayed pending Plaintiff's payment of a $100 penalty to the Clerk of Court for disobedience of a prior Court order. *See* ECF No. 125. On April 4, 2025, the Court explained that if Plaintiff "d[id] not remit payment to the Clerk of Court by April 17, 2025, the Court may consider further sanctions, up to and including dismissal of the case." ECF No. 143. Plaintiff has not shown the Court that he has paid the $100 penalty required for him to move to lift the stay. The stay remains in place.

Plaintiff is separately subject to a filing injunction that bars him from filing further motions to reinstate his lost business opportunity claim without first obtaining Court approval by submitting a one-page letter showing why the submission should be accepted. *See id.* However, because this case is stayed, Plaintiff must first pay the $100 penalty and move to reopen the case before the Court will consider any letter seeking leave to file additional motions on the lost business opportunity claim.

Notwithstanding the stay and the filing injunction, Plaintiff has submitted twenty additional filings since April 4, 2025, many of which again seek to reinstate his lost business opportunity claim. Plaintiffs' motions are **DENIED**. The United States is not required to respond to these motions or any further motions until Plaintiff shows cause why the stay should be lifted and why he should be permitted to resume active litigation of this case.

Plaintiff has now had more than three years to pay the $100 Court-ordered penalty and resume litigation in this case, but he has refused to do so. He has been warned by three different judges that he could face significant sanctions, including but not limited to the dismissal of this action, if he continues to disobey Court orders. *See, e.g.*, ECF Nos. 143, 125, 117, 109, 105, 103, 52.

It is therefore **ORDERED** that Plaintiff shall pay the monetary sanction previously imposed on him by the Court (see ECF No. 74 ¶ 2) no later than **June 13, 2025**.

It is further **ORDERED** that Plaintiff shall **SHOW CAUSE IN WRITING**, no later than **June 13, 2025**, why this action should not be **DISMISSED** with prejudice, or another sanction imposed, pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). To avoid dismissal, plaintiff's submission must demonstrate to the Court that he (1) has paid the $100 penalty to the Clerk of Court, as ordered on April 26, 2022, and (2) is capable of respecting the Court's authority, obeying its orders, and refraining from personal insults, name-calling, and other abusive language aimed at either the Court or any other participant in the litigation. If Plaintiff fails to show that he has paid the Court-ordered penalty by **June 13, 2025**, this case will be **DISMISSED** with prejudice and the case closed. Plaintiff shall file his letter in a <u>single submission</u>, attaching as an exhibit proof of payment of the $100 penalty. Additional filings will not be considered.

It is further **ORDERED** that Defendant may respond to Plaintiff's submission no later than **June 20, 2025**.

The Clerk of Court is respectfully directed to close ECF Nos. 144, 145, 146, 149, 158, 163, and 164.

SO ORDERED.

*[signature]*

Dale E. Ho
United States District Judge

Dated: May 30, 2025
New York, New York