UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDERICK D. PIÑA, <br><br>                             Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br>                             Defendant. | 20-CV-1371 (DEH) (BCM) <br><br> ORDER |

DALE E. HO, United States District Judge:

The procedural history of this case is detailed in Magistrate Judge Moses's Order of March 15, 2023. *See* ECF No. 125. As relevant here, on April 25, 2022, Plaintiff Frederick D. Piña was assessed a $100 penalty as a for his disobedience of a prior court order, with a payment deadline of May 6, 2022. *See* ECF No. 74 at 2. Plaintiff failed to pay the penalty without explanation. On February 2, 2023, Judge Moses directed Plaintiff to pay the $100 penalty no later than February 16, 2023. *See* ECF No. 117 at 4. Plaintiff again failed to pay the penalty. On February 27, 2023, Judge Moses extended Plaintiff's deadline to March 13, 2023. ECF No. 122. This time, Plaintiff responded, stating in a letter that Judge Moses's Order was "unlawful and illegal." ECF No. 123 at 2. On March 15, 2023, Judge Moses entered an order staying the case until Plaintiff complied with the Court's orders to pay the $100 penalty. ECF No. 125 at 1. Judge Moses stated that once the penalty was paid, Plaintiff could "move to lift the stay and resume active litigation." *Id.* Plaintiff was "cautioned, however, that should he delay unreasonably in paying his penalty and moving to lift the stay, this action may be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute." *Id.* at 6. Two days later, Plaintiff submitted a filing stating, among other things, that he would "refuse to pay [the] $100 penalty to the Clerk of Court." ECF No. 126 at 1.

Meanwhile, on December 27, 2022, in response to a series of repetitive motions to reconsider the Court's dismissal of one of Plaintiff's claims, Judge Engelmayer imposed a limited filing injunction prohibiting Plaintiff "from filing further motions before this Court and Judge Moses to reinstate [his] lost business opportunity claim without first obtaining Court approval by submitting a one-page letter showing cause why the submission should be accepted." ECF No. 109 at 5. The Court also "advise[d] Piña that violations of this filing injunction may result in additional sanctions beyond those already imposed by Judge Moses." *Id.*

More than two years passed without any action from Plaintiff. Then, on March 24, 2025, Plaintiff filed a motion to reopen this stayed case and for reconsideration of the Court's earlier dismissal of his lost business opportunity claim pursuant to Rule 60(d)(3). ECF No. 127. On March 28, 2025, the Government filed a letter response to Plaintiff's motion to reopen and for reconsideration. ECF No. 130. The Government argued that the Court should deny the motion because (1) it is untimely; (ii) Plaintiff ignored the Court's filing injunction prohibiting him from filing further motions for reconsideration without first submitting a one-page letter to the court showing cause to do so; and (iii) there is no cause for reconsideration because the motion, in addition to being untimely, merely restates previously presented arguments. *Id.* at 1. On March 27, 2025, Plaintiff filed a motion for summary judgment on all claims "follow[ing] the Court's presumed reopening of this case under Rule 60(d)(3)." ECF No. 131.

In an Order dated April 4, 2025, the Court held that Plaintiff had not shown cause for this Court to consider either his motion to reopen the stayed case or his motion to reconsider. As to the first, the Court explained that Plaintiff had not shown that the $100 penalty had been paid to the Clerk of Court, as required by Judge Moses's Order of March 15, 2023. ECF No. 125 at 6 ("Once the penalty is paid, [Plaintiff] may move to lift the stay and resume active litigation."). As to the second, the Court explained that Plaintiff had not submitted a one-page letter to the Court

2

showing cause why his motion for reconsideration should be considered, as required by Judge Engelmayer's Order of December 27, 2022. ECF No. 109 at 5 ("The Court bars Piña from filing further motions before this Court and Judge Moses to reinstate the lost business opportunity claim without first obtaining Court approval by submitting a one-page letter showing cause why the submission should be accepted."). Instead, he submitted an eighty-two-page filing with a cover page requesting "leave to file this motion pursuant to Dkt. (December 27, 2022), which imposed a filing injunction, alleging fraud upon the court under Rule 60(d)(3) as a basis for relief." ECF No. 127 at 1. Accordingly, the Court denied Plaintiff's motion to reopen and for reconsideration (ECF No. 127) and Plaintiff's motion for summary judgment (ECF No. 131). The Court explained that if Plaintiff did not remit payment to the Clerk of Court by **April 17, 2025**, the Court could consider further sanctions, up to and including dismissal of the case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Plaintiff subsequently submitted twenty filings over the next seven weeks seeking various forms of relief, including summary judgment, reinstatement of his lost business opportunity claim, and reconsideration of the Court's prior orders. *See* ECF Nos. 154-56, 158-64. Plaintiff did not remit the required $100 payment to the Clerk of Court to lift the stay in this case. On May 29, 2025, the Government submitted a letter responding to Plaintiff's filings and requesting that the Court clarify that the Government was not required to respond to Plaintiff's filings for the duration of the stay. *See* ECF No. 165.

By memorandum endorsement on May 29, 2025, the Court confirmed that the Government was "not required to respond to these motions or any further motions until Plaintiff shows cause why the stay should be lifted and why he should be permitted to resume active litigation of this case." *See* ECF No. 166. The Court further explained:

> Plaintiff has now had more than three years to pay the $100 Court-ordered penalty and resume litigation in this case, but he has refused to do so. He has been warned by three different judges that he could face significant sanctions, including but not limited to the dismissal of this action, if he continues to disobey Court orders. *See*, e.g., ECF Nos. 143, 125, 117, 109, 105, 103, 52.

*Id.* The Court ordered that Plaintiff must "pay the monetary sanction previously imposed on him by the Court (*see* ECF No. 74 ¶ 2) no later than June 13, 2025." *Id.* The Court further ordered that Plaintiff must show cause in writing, no later than June 13, 2025, why this action should not be DISMISSED with prejudice, or another sanction imposed, pursuant to Fed. R. Civ. P. 4l(b) and the Court's inherent authority to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). The Court explained:

> To avoid dismissal, plaintiff's submission must demonstrate to the Court that he (1) has paid the $100 penalty to the Clerk of Court, as ordered on April 26, 2022, and (2) is capable of respecting the Court's authority, obeying its orders, and refraining from personal insults, name-calling, and other abusive language aimed at either the Court or any other participant in the litigation. If Plaintiff fails to show that he has paid the Court-ordered penalty by **June 13, 2025**, this case will be **DISMISSED** with prejudice and the case closed. Plaintiff shall file his letter in a **single submission**, attaching as an exhibit proof of payment of the $100 penalty. Additional filings will not be considered.

*Id.*

Plaintiff did not submit the required filing by June 13, 2025. However, he submitted four additional lengthy filings at the end of May, seeking various forms of relief, including a request that the Clerk of Court disregard the Court's May 29, 2025 order due to "fraud." *See* ECF No. 171. He also sent two unsolicited emails to Chambers at the beginning of June, one of which stated that he was going to sue the Court for more than $300 million. *See* ECF Nos. 171, 172. The Court docketed these communications and reminded Plaintiff that the case remained stayed pending payment of the $100 penalty and that he was required to show cause why the case should not be dismissed by June 13, 2025. *See* ECF Nos. 171.

On June 18, 2025, Plaintiff filed a letter to notify the Court that he would "no longer require judicial approval or Your Honor's signature to resolve [his] Federal Tort Claims Act (FTCA) claim arising from a May 31, 2018, collision caused by a United States Postal Service (USPS) employee's negligence," because he was "pursuing administrative resolution through the Office of Management and Budget (OMB)." *See* ECF No. 173 at 1.

IT IS HEREBY ORDERED that this case is **DISMISSED** with prejudice for failure to prosecute and for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45. No further filings by Plaintiff will be considered by the Court.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 16, 2025
New York, New York

DALE E. HO
United States District Judge